IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICO LAMONT BIAS, <br> # 54904-037, <br><br> Petitioner, <br><br> vs. <br><br> U.S.A., <br><br> Respondent. | Case No. 20-cv-014-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Rico Lamont Bias, a federal prisoner incarcerated at FCI-Greenville, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. He claims that pursuant to the U.S. Supreme Court's recent decision in *Davis v. United States*, __ U.S. __ 2019, 139 S.Ct. 2319 (June 24, 2019), his conviction and sentence for brandishing a firearm in furtherance of a crime of violence should be vacated. He also argues that the government improperly used Hobbs Act robbery as charged in a dismissed Count as the predicate crime of violence for the § 924(c) charge as he was convicted only of conspiracy to commit Hobbs Act robbery.[1]

This case is now before the Court for preliminary review of the Petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[2]

---

[1] This second claim only tangentially relies on *Davis*.

[2] Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

Bias pled guilty in the District of Maryland to Count 1, conspiracy to commit Hobbs Act robbery, and Count 4, brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1). *U.S. v. Bias,* Case No. 12-cr-528 ("Criminal Case"). In November 2013, he was sentenced to 101 months imprisonment on Count 1, and to a consecutive term of 84 months imprisonment on Count 4. The other three Counts were dismissed in accordance with the plea agreement. (Criminal Case, Doc. 106).

Bias filed a motion under 28 U.S.C. § 2255 in January 2015 which was denied as untimely. (Criminal Case, Doc. 152). He was granted leave to file a successive § 2255 motion raising a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The successive § 2255 motion was filed by counsel in May 2016 (Criminal Case, Doc. 186) and remains pending. In March 2019, counsel filed a supplement to the motion challenging the validity of the § 924(c) conviction based on the vagueness of the residual clause and noting that *Davis* was then pending in the Supreme Court. Counsel for both parties agreed that the motion should be stayed until the Supreme Court decided *Davis*. (Criminal Case, Doc. 212). Bias then filed a *pro se* supplement arguing that the government improperly used Hobbs Act robbery as charged in the dismissed Count 2 as the predicate crime of violence for the § 924(c) charge, as he was convicted only of conspiracy to commit Hobbs Act robbery. The Government was ordered to respond. (Criminal Case, Docs. 215, 216). Bias filed three more *pro se* supplemental pleadings raising the use of Hobbs Act robbery as charged in the dismissed Count 2 as the predicate for the § 924(c) charge. (Criminal Case, Docs. 218, 220, 223). In February 2020, the court agreed with the Government's suggestion that it respond separately to the *Davis* and non-*Davis* claims. The government responded to the non-*Johnson* claims on March 23, 2020. (Criminal Case, Docs. 227, 230). The government has not yet responded to the *Johnson* or *Davis* claims.

**Discussion**

A federal prisoner is generally limited to one postconviction challenge by way of a motion under 28 U.S.C. § 2255. However, under very limited circumstances, he may employ 28 U.S.C. § 2241 to challenge his conviction and sentence. More specifically, § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

In order to trigger the savings clause, a petitioner must meet three conditions: (1) he must show that he relies on a new statutory interpretation case rather than a constitutional case; (2) he must show that he relies on a decision that he could not have invoked in a prior § 2255 motion and that applies retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); see also *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012). Here, the Petition must be dismissed because Bias cannot meet the second *Davenport* requirement – reliance on a new rule that he could not have invoked in his § 2255 motion. The claims raised in the Petition presently before this Court have also been raised in the § 2255 motion and supplements. Therefore, the remedy under § 2255 is not "inadequate or ineffective to test the legality of [Petitioner's] detention" and he cannot invoke the savings clause of § 2255(e) to bring a § 2241 petition.

**<u>Disposition</u>**

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**. The pending Motion for Supplemental Brief (Doc. 5) is **DENIED as MOOT**.

It is not necessary for Petitioner to obtain a certificate of appealability for an appeal from this petition brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within the time allotted in Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues he plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 30, 2020**

                                              *s/ Staci M. Yandle*
                                              **STACI M. YANDLE**
                                              **United States District Judge**